UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
JUL 23 2010

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 96-40048 |
| Plaintiff/ Respondent, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| EUGENE MATHISON, | \* | |
| Defendant/ Petitioner. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Defendant and Petitioner Eugene Mathison's Petition for a Writ of Audita Querela. Doc. 551. Mr. Mathison has also filed several motions requesting the Court to take judicial notice of various documents and case law. Doc. 557, 558, 559, 560, 561.

PROCEDURAL BACKGROUND

After a jury trial in May and June of 1997, Mr. Mathison was found guilty of 61 counts of mail fraud, wire fraud, money laundering and conspiracy to defraud the United States. In September of 1997 Mr. Mathison was sentenced to 246 months of imprisonment. In September of 1998 the Eighth Circuit Court of Appeals affirmed Mr. Mathison's conviction. *United States v. Mathison*, 157 F.3d 541 (8th Cir. 1998). In April of 2000, more than one year after the United States Supreme Court denied Mr. Mathison's petition for Writ of Certiorari, Mr. Mathison filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255. United States District Judge Battey denied the petition on the basis that the petition was barred by the one-year statute of limitations, and denied a certificate of appealability. The Eighth Circuit also denied an application for a certificate of appealability and dismissed Mr. Mathison's appeal from the denial of his § 2255 motion. CIV. 00-4055.

In June of 2001 Mr. Mathison filed a second 28 U.S.C. § 2255 motion. This Court denied Mr. Mathison's second 28 U.S.C. § 2255 motion and denied a certificate of appealability. Mr. Mathison submitted an application for a certificate of appealability to the Eighth Circuit and the

Eighth Circuit construed this request as a motion for authorization to file a successive § 2255 motion. The Eighth Circuit then concluded that Mr. Mathison's failure to comply with the certification requirements for a successive § 2255 motion required a remand with directions to dismiss the § 2255 motion for lack of jurisdiction. This Court then entered an order vacating its judgment denying relief and dismissed the case for lack of jurisdiction. CIV. 01-4143.

In May of 2003 Mr. Mathison filed another § 2255 motion attacking his convictions and sentences in both this case and in a case in which he had been convicted of tax evasion. This Court dismissed the motion without prejudice based on Mr. Mathison's failure to seek and receive an order from the Eighth Circuit authorizing this Court to consider a successive § 2255 motion. The Eighth Circuit then denied Mr. Mathison's application for a certificate of appealability in the § 2255 action. CIV. 03-4139.

In August of 2005 Mr. Mathison filed a motion under FED. R. CRIM. P. 60(b)(6) for relief from the Order denying his first § 2255 motion. This motion was denied. In July of 2006, the Eighth Circuit Court of Appeals denied Mr. Mathison's petition for rehearing by panel on the matter as being untimely. CIV. 00-4055.

In January of 2008, in the District of Colorado, Mr. Mathison filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this application he challenged the validity of his 1997 convictions and sentences for fraud and money laundering from the prosecution in the District of South Dakota. The application was denied and the action was dismissed because Mr. Mathison failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 was inadequate or ineffective. Judge Weinshienk, Senior District Judge, explained, "The fact that Mr. Mathison has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective." *Mathison v. Wiley*, 2008 WL 465294 *2 (D.Colo., Feb. 15, 2008)(not reported in F.Supp.2d), *aff'd*, 281 Fed.Appx. 845 (10th Cir., June 17, 2008).

In April of 2010, in the action in which his first § 2255 motion had been denied, Mr. Mathison filed a motion under FED. R. CIV. P. 60(b)(4) for relief from a Judgment or Order due to it being void. This motion was denied, and on July 2, 2010, Mr. Mathison filed a motion for reconsideration of that denial. CIV. 00-4055.

## DISCUSSION

In the matter now before the Court Mr. Mathison has filed a Petition for a Writ of Audita Querela to challenge his 1997 conviction and sentence for the 61 counts of mail fraud, wire fraud, money laundering and conspiracy to defraud the United States. Mr. Mathison cites to the All Writs Act, 28 U.S.C. § 1651, as authority to proceed with a Petition for a Writ of Audita Querela in this matter.

Audita querela is Latin for "the complaint having been heard." A writ of audita querela is a common law writ which was "available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." Black's Law Dictionary 141 (8th ed.2004); *see United States v. Boal*, 534 F.3d 965, 967 n.2 (8th Cir. 2008). Although the writ of *audita querela* has been superseded by the Federal Rules of Civil Procedure,[1] it has been recognized in some jurisdictions as a vehicle to challenge criminal convictions. *See United States v. Holt,* 417 F.3d 1172, 1174 (11th Cir. 2005); *United States .v Ayala,* 894 F.2d 425, 428 (D.C.Cir. 1990).

The authority of federal courts to recognize common law postconviction remedies was recognized by the Supreme Court's 5-4 decision in *United States v. Morgan,* 346 U.S. 502 (1954). In *Morgan,* the Supreme Court held that a federal prisoner may collaterally attack his conviction using the common law writ of coram nobis. The Supreme Court in *Morgan* rejected the contention that 28 U.S.C. § 2255 provides the exclusive remedy for a prisoner to obtain postconviction habeas corpus relief in all circumstances. 346 U.S at 510-511.

Although the Court is unaware of any Eighth Circuit case addressing the use of audita querela to challenge a sentence or conviction, several other Circuits have determined that a federal prisoner cannot use audita querela to challenge a sentence or conviction after it has been rendered when the relief he or she seeks is cognizable under 28 U.S.C. § 2255. *See Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009); *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *In re Rushing-Floyd,* 62 Fed.Appx. 64, 64-65 (4th Cir.2003) (per curiam); *United States v. Torres,* 282 F.3d 1241, 1245 (10th Cir.2002); *United States v. Banda,* 1 F.3d 354, 355 (5th Cir.1993); *United States v.*

---

[1] "The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela." FED. R. CIV. P. 60(e)

*Kimberlin*, 675 F .2d 866, 869 (7th Cir.1982) . This Court has also held that a writ of audita querela may not be granted when relief is cognizable under § 2255. *See Harrison v. United States*, No. 07-4129 (D.S.D. Feb. 16, 2010); *Morris v. United States*, No. 97-40010 (D.S.D. April 29, 2010).

Relief may be afforded under audita querela "if a criminal defendant could show that [such] relief ... was necessary to plug a gap in the system of federal postconviction remedies," *Kimberlin,* 675 F.2d at 869. In seeking relief under audita querela Mr. Mathison contends that he is being held in prison for an offense that the law does not make criminal and that he cannot obtain relief through either § 2255 or § 2241. As support for his contention that the he is being held in prison for an offense that the law does not make criminal, Mr. Mathison cites the plurality holding in *United States v. Santos*, 553 U.S. 507, 128 S.Ct. 2020 (2008). In the *Santos* case the Supreme Court examined the meaning of the term "proceeds" in the money-laundering statute, 18 U.S.C. § 1956, in a case where money-laundering convictions were obtained against one defendant based on his payments to lottery winners and his employees, and obtained against another based on his receipt of payments as an employee. The plurality decision held that the term "proceeds" refers to "profits," not "receipts," in that prosecution involving a stand-alone illegal gambling operation.

Mr. Mathison has previously filed § 2255 motions. Under 28 U.S.C. § 2255(h) relief could still be rendered in a successive § 2255 action if the successive motion were certified by a panel of the Eighth Circuit to contain newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." But the Supreme Court has not held that *Santos* is retroactive to cases on collateral review. In addition, the Eighth Circuit Court of Appeals has held that since *Santos* was a plurality opinion, its precedent is restricted to the narrowest holding that garnered five votes. *See United States v. Spencer*, 593 F.3d 866, 879 n.4 (8th Cir. 2010), *citing Marks v. United States*, 430 U.S. 188 (1977). The Eighth Circuit in *Spencer* concluded that the following definition in Justice Stevens's concurrence provides the narrowest holding in *Santos*: "The revenue generated by a gambling business that is used to pay the essential expenses of operating that business is not 'proceeds' within the meaning of the money laundering statute." *Santos*, 553 U.S. at ----, 128 S.Ct. at 2033. Permission to file a successive § 2255 motion would not be granted in the present case, and there is no evidence in the record that Mr. Matthison has sought such permission.

4

The fact that permission to proceed with a successive § 2255 motion has not and would not be granted to Mr. Mathison does not support the use of a writ of audita querela as a substitute for a successive § 2255 motion. A "§ 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." *Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1062 (8th Cir. 2002)( denying "safety valve" relief); *see also, United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir.2002) (per curiam) (inmates may not bypass authorization requirement in 28 U.S.C. § 2244 for successive § 2255 motions by purporting to invoke some other procedure). The writ of audita querela cannot be invoked simply to enable a defendant to file what is in effect a § 2255 motion without complying with the rules governing such motions, or to file a second § 2255 without the requisite permission of the Court of Appeals. *See United States v. Holt,* 417 F.3d 1172 , 1175 (11th Cir. 2005).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive §2255 motion. *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). Because this Court has not been authorized by the Court of Appeals to consider what amounts to be a successive § 2255 motion, this Court must either dismiss the instant action or transfer it to the Eighth Circuit Court of Appeals. *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002). Because this Court has concluded that permission to file a successive § 2255 motion would not be granted, this Court is dismissing this action.[2] Accordingly,

---

[2] The Court notes that Mr. Mathison was sentenced before the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), and at a time when the federal sentencing guidelines were mandatory. Had that not been the case, this Court would have found Mr. Mathison's sentence of 246 months to be inconsistent with the parsimony provision of 18 U.S.C. § 3553(a). Mr. Mathison is now 72 years of age and has reported health problems. In his Fifth Motion for Judicial Notice Mr. Mathison discusses The Second Chance Act of 2007. *See* 42 U.S.C. § 17541. Section 231(g) of the Act directs the Bureau of Prisons to conduct a pilot program for determining the effectiveness of removing certain elderly offenders from confinement and placing them on home detention or home confinement until the expiration of their prison terms. The Act gives the Attorney General the authority to implement and evaluate the program. 42 U.S.C. § 17541(g)(4). Individuals over 65 years of age are eligible for this program if they have served the greater of 10 years or 75 percent of their prison term. § 17541(g)(5)(A). Although Mr. Mathison challenges the BOP's interpretation of "prison term," in this provision, the Act does not provide the courts with the authority to interfere with the

**IT IS ORDERED** that the Petition for a Writ of Audita Querela (doc. 551) is dismissed for lack of jurisdiction.

Dated this 23rd day of July, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)     DEPUTY

---

Attorney General's administration of the pilot program. *See Kim v. United States*, 2010 WL 2813770 at *4 (D.Hawaii, July 14, 2010). The Court hopes that, if possible, Mr. Mathison will soon be selected for participation in this Second Chance Act program or a similar program for elderly inmates. If the Director of the BOP were to move for modification of Mr. Mathison's sentence pursuant to 18 U.S.C. 3582(c)(1)(A)(i), the Court would give such a motion very serious consideration.

6