FILED
JUN 0 3 2014

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 96-40048 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER RE: COLLECTION OF RESTITUTION DEBT |
| EUGENE MATHISON, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Eugene H. Mathison has filed a Motion to order the U.S. Attorney's Office to desist from levying on his social security benefits for payment of his restitution and monetary penalties, and also requests that the Court order the return of money withheld from his social security benefits. Doc. 609. Mathison contends that his health care costs create a financial hardship entitling him to relief. Mathison also contends that he received a late notice of intent to collect restitution from his social security benefits because the notice was sent to a previous address, although he does not explain why he has been prejudiced by the delay in notice. For the reasons set forth in this memorandum opinion, the Court will deny the Motion.

## DISCUSSION

The Government advises that Mathison's motion is based on a faulty premise in that the United States Attorney's Office is not levying on Mathison's Social Security benefit payments, but rather, the Department of Justice has activated Mathison's case on the Treasury Offset Program for offset of his criminal debt against any non-exempt federal payments he would receive. The Debt Collection Improvement Act of 1996 provides statutory authority for the offset of a portion of Mathison's Social Security benefits, and limits the percent of the benefit subject to federal debt enforcement. *See* 18 U.S.C. § 3613(a); 31 C.F.R. § 285.4. The offset amount is limited to the lesser of:

(i) The amount of the debt, including any interest, penalties and administrative costs;

(ii) An amount equal to 15% of the monthly covered benefit payment; or

(iii) The amount, if any, by which the monthly covered benefit payment exceeds $750.

31 C.F.R. § 285.4(e). From the information provided to the Court, it appears that the offset was restricted to the smallest amount, *i.e.*, 15% of the monthly covered benefit payment.

The collecting agency may, but is not required to, collect less than the law requires. Mathison may seek administrative relief as set forth by statute and regulations, and only after doing so may seek relief in the courts if he is unsuccessful by seeking judicial review of the administrative processes and decisions. *See United States v. Mayer*, 04-CR-100, 2010 WL 4916561 (D.N.H., Dec. 3, 2010). Whether Mathison intends to seek administrative relief is for him to determine. However, based on the facts and record before the Court at this time, Mathison is not entitled to relief from this Court. In addition, the judicial review that is available from an administrative appeal is limited to a proper application of the law with no discretion vested in the Court. Accordingly,

IT IS ORDERED that the motion to desist and return money withheld (Doc. 609) is denied.

Dated this 3rd day of June, 2014.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Jennifer Stevens_
(SEAL)    DEPUTY